UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT SLOAT, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>HEWLETT PACKARD ENTERPRISE CO., )<br>)<br>*Defendant*. ) | Case No. 3:18-CV-371<br><br>Judge Curtis L. Collier<br>Magistrate Judge H. Bruce Guyton |

# **MEMORANDUM**

Before the Court is a motion by Defendant to dismiss Plaintiff's complaint. (Doc. 12.) Plaintiff has responded (Doc. 16), and Defendant has replied (Doc. 18). For the reasons stated below, the Court will **DENY** the motion to dismiss Plaintiff's complaint (Doc. 12).

## I.  BACKGROUND

This action arises out of the termination of Plaintiff, Robert Sloat, a resident of Jacksboro, Tennessee, from his employment with Defendant Hewlett Packard Enterprise Company ("HP").[1]

Plaintiff was hired on June 24, 2011 to work as a director for Defendant. In the first five years of his job, Plaintiff received favorable evaluations and yearly raises. From November 2016 through October 2017, Plaintiff was tasked with leading a training program called the Ropes-to-the-Ground Worldwide Sales Transformation Program ("RttG Program"). The program delivered

---

[1] In reciting relevant background, the Court has assumed the truth of all well-pleaded, nonconclusory factual allegations in Plaintiff's complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

training and follow-up modules to over 800 sales individuals and resulted in an additional $173 million in sales for Defendant.

In November 2016, however, Plaintiff was assigned a new supervisor, Steven Hagler. Hagler was unfriendly to Plaintiff from the start of the relationship, repeatedly asked Plaintiff when he was planning to retire, and made clear to Plaintiff that his age was a problem. In December 2016, Plaintiff did not receive a raise and received the lowest bonus he had ever received while working for Defendant.

In January 2017, Plaintiff attended a meeting with Hagler, and eight employees who also directly reported to Hagler, in Houston, Texas. During the meeting, Hagler was unfriendly and unwelcoming to Plaintiff, though he was very friendly to younger members of the team. Hagler repeatedly referred to Plaintiff as "young man," though Plaintiff was the oldest person in attendance at the meeting. Hagler's Chief of Staff, Christie Hayden, also referred to Plaintiff by a nickname, "Uncle Ron," which Hagler thought was very funny; Hagler did not tell Hayden to stop.

Plaintiff complained about being discriminated against due to his age to Seema Iyer in the HP Human Resources Department ("HR") in February 2017, but HR did not investigate the complaint. Instead, Plaintiff was directed to talk directly to Hagler regarding his concerns. When Plaintiff did so, Hagler got angry and reacted in a hostile manner. In July 2017, Hagler gave Plaintiff a poor job evaluation, rating him as "stalled." Hagler asked Plaintiff, "Why are you still here?" Plaintiff again complained to HR, speaking with Barbara Randell in July 2017, but Randell similarly directed Plaintiff to discuss his concerns with Hagler. After Plaintiff did so again, Plaintiff's weekly meetings with Hagler ceased, and Hagler began hardly speaking to Plaintiff. Hagler took away Plaintiff's responsibility for the RttG Program, instead assigning it to Sandy Connor, a substantially younger employee.

In September 2017, Plaintiff was informed of a "reorganization" and was assigned a new supervisor, Terry Flynn. Plaintiff sent an instant message to Hagler, asking whether Hagler had talked to Flynn, Plaintiff's potential new manager, about Plaintiff's future. Hagler said that he had. Plaintiff asked if Hagler had given a fair and accurate description of Plaintiff's responsibilities and capabilities. Hagler responded, "What do you think?"

On October 24, 2017, Flynn terminated Plaintiff over the phone. Plaintiff had never met or spoken to Flynn. Flynn, however, had spoken to Hagler, had reviewed Plaintiff's July 2017 evaluation, and was aware that Plaintiff had complained about age discrimination. Plaintiff was sixty-one years old at the time of his termination. Two other directors in the same unit as Plaintiff were forty-one and fifty-three years old, were retained over Plaintiff, and are still employed by Defendant. Plaintiff was one of the oldest, if not the oldest, of Flynn's direct reports.

In the instant lawsuit, Plaintiff brings claims for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq.* Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendant argues that there are two primary defects in Plaintiff's complaint: (1) Plaintiff does not allege that the executive who made the decision to terminate Plaintiff knew about his age and whether he was substantially older than similarly situated employees;[2] and (2) Plaintiff does not allege a plausible inference of retaliatory motive by Flynn or anyone else involved with the employment dispute.[3]

---

[2] Defendant presumes that Terry Flynn made the decision to terminate Plaintiff. Plaintiff disputes that this is necessarily the case.

[3] The Court notes that Plaintiff argues in response that Defendant subverted the parties' joint understanding regarding a stipulated extension of the deadline to answer the complaint in this matter. (Doc. 17 at 1-2.) Plaintiff understood that he was only stipulating to extending the deadline to answer the complaint so Defendant could file an answer, not a motion to dismiss. The Court

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) operates to test the sufficiency of a plaintiff's complaint in stating a claim under this rule. *See* Fed. R. Civ. P. 12(b)(6).

The first step in testing the sufficiency of the complaint requires the Court to assume the truth of all well-pleaded factual allegations, but not bare legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under the Rule 12(b)(6) pleading standard. *Ashcroft*, 556 U.S. at 678. That is, "a plaintiff's obligation to provide the 'grounds' of [his or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan*, 478 U.S. at 286).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the Court to determine whether those allegations "state a claim to relief that is plausible on its face.'" *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience

---

declines to address this dispute, and instead will reject the motion on the merits. In addition, the Court notes that there is some dispute as to whether the parties conferred in good faith before Defendant filed a motion to dismiss, as per this Court's standing order governing motions to dismiss. (Doc. 17 at 2.) Though the parties appear to have discussed the motion over the phone on November 30, 2018, Plaintiff argues that the discussion was not made in "good faith." The Court also declines to address this dispute, and instead will reject the motion on the merits.

and common sense." *Iqbal*, 556 U.S. at 679. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At this stage of a case, all reasonable inferences are drawn in favor of the plaintiff. *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017). But "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

### a. Age Discrimination Claims

Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Congress enacted the ADEA "to promote employment of older persons based on their ability rather than age; [and] to prohibit arbitrary age discrimination in employment . . ." 29 U.S.C. § 621(b).

In order to establish a prima facie case of age discrimination by means of circumstantial evidence, an ADEA plaintiff must show that: (1) he was at least forty years old at the time of the alleged discrimination; (2) he suffered an adverse employment action; (3) he was qualified for the position he held; and (4) he was either replaced by a younger worker or treated differently than

5

similarly situated individuals.[4] *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008); *Smith v. Wrigley Mfg. Co., LLC*, No. 18-5397, 2018 WL 5096379, at *2-3 (6th Cir. Oct. 18, 2018). The analysis of an age discrimination claim under the THRA is identical to that under the ADEA. *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 620 (6th Cir. 2006); *Scola v. Publix Super Markets, Inc.*, 902 F. Supp. 2d 1083, 1091 (E.D. Tenn. 2012).

Here, Plaintiff has alleged specific facts in support of the prima facie elements of his age discrimination claims. First, he was sixty-one years old at the time of his termination. (Doc. 1 ¶ 102). Second, he was terminated. (*Id.* ¶¶ 84, 104). Third, he successfully held the position of director for five years, which supports an inference he was qualified. (*Id.* ¶¶ 20, 32-34, 41). And last, forty-one-and fifty-three-year-old individuals were retained over him. (*Id.* ¶¶ 37, 101); *see Grosjean v. First Energy Corp.*, 349 F.3d 332, 336 (6th Cir. 2003) (age differences of ten or more years generally sufficiently substantial to meet prima facie case). While Plaintiff need not necessarily make allegations regarding every element of a prima facie case to survive a Rule 12(b)(6) motion, the fact that he has done so indicates he has a plausible claim. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002) (unanimously holding that the prima facie case under *McDonnell Douglass* is an evidentiary standard, not a pleading requirement); *Keys v. Humana, Inc.*, 684 F.3d 605, 609 ("Since *Twombly* and *Iqbal*, we have also recognized the continuing viability of *Swierkiewicz's* holding"); *Grizzell v. Cyber City Teleservices Mktg., Inc.*, No. CIV.A 3:09-cv-1141, 2010 WL 2622933, at *5 (M.D. Tenn. June 25, 2010) ("it seems reasonable to

---

[4] The Court focuses on the elements of an ADEA claim based on circumstantial evidence because Plaintiff structures his analysis in this way. (Doc. 17 at 12-16). The Court is not suggesting, however, that Plaintiff must ultimately support his ADEA claim with circumstantial evidence. *See Geiger v. Tower Automotive*, 579 F.3d 614, 620-21 (6th Cir. 2009) (explaining direct evidence ADEA claims). The same can be said for Plaintiff's retaliation claim, as analyzed below. Plaintiff need not "pin" his "claim for relief to a precise legal theory" at this stage in the case. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

conclude that a complaint that pleads facts in support [of] each element of a prima facie case of discrimination . . . necessarily meets *Iqbal*'s requirement that the complaint show more than the 'mere possibility of misconduct[.]'" (quoting *Orozco v. City of Mufreesboro*, No. 09-00752, 2009 WL 4042586, at *3 (M.D. Tenn. Nov. 19, 2009)).

Moreover, Plaintiff further fleshes out his complaint with additional factual detail. For instance, Plaintiff alleges being called nicknames such as "Young Man" and "Uncle Ron" by his supervisor and colleagues condoned by his supervisor; Plaintiff alleges he made two complaints of age discrimination to HR and to his supervisor; Plaintiff alleges he was repeatedly asked when he was going to retire by his supervisor; and Plaintiff alleges he was one of the oldest, if not the oldest, direct reports to his supervisor. Accordingly, Plaintiff has done far more than offer a "[t]hreadbare recital[] of the elements" or "mere conclusory statements" to support his ADEA claim. *Ashcroft*, 556 U.S. at 678.

Defendant argues Plaintiff must allege that Flynn, the supervisor who ultimately terminated Plaintiff, knew Plaintiff's age. In support of this notion, however, Defendant cites to a case decided after a bench trial, or to cases decided on motions for summary judgment.[5] Of course, at the motion to dismiss phase, the Court's standard of review is less searching, and Plaintiff need not prove his case through his allegations. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (question is not whether plaintiff will ultimately prevail, but whether his complaint is "sufficient to cross the federal court's threshold"); *see also Kriepke v. Wayne St. Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)

---

[5] *Deslauriers v. Napolitano*, 738 F. Supp. 2d 162, 178 (D. Me. 2010) (bench trial); *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 77 (2d Cir. 2005) (summary judgment); *Lewis v. City of Detroit*, 702 F. App'x 274, 279 (6th Cir. 2017) (summary judgment); *Montalvo-Leon v. Wyeth Pharm. Co.*, No. Civ. 05-1236 (DRD) (summary judgment), 2007 WL 2905350, at *21 (D.P.R. Sept. 24, 2007) (summary judgment), *Holtzclaw v. McCullough*, 2005 WL 1653587, at *4 (W.D. Ky. July 12, 2005) (summary judgment).

(complaint must contain either direct or *inferential* allegations). To survive a motion to dismiss, "specific facts are not necessary." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Instead, "the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Pardus*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555).

Overall, Plaintiff's factual allegations make plausible claims of age discrimination based on age-related hostility he experienced under Hagler, who later communicated with Flynn, the supervisor who terminated him. If ultimately supported by evidence, such theories can support an ADEA claim. *See Madden v. Chattanooga City Wide Serv. Dep't*, 549 F.3d 666, 677 (6th Cir. 2008) (finding a "reasonable factfinder could find a causal nexus between the ultimate decisionmaker's decision to terminate Madden and his supervisor's discriminatory animus"). Accordingly, the Court will not dismiss Plaintiff's age discrimination claims because Plaintiff does not specifically allege that the executive who made the decision to terminate Plaintiff knew about his age and whether he was substantially older than similarly situated employees.

**B.     Retaliation Claim**

Defendant next argues Plaintiff has failed to plead a viable retaliation claim because his complaint does not raise a plausible inference of retaliation.

The anti-retaliation provision of the ADEA provides:

> It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment . . . because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this [Act].

29 U.S.C. § 623(d). In order to state a claim for retaliation under the ADEA based on circumstantial evidence, a plaintiff must show that: (1) he engaged in protected activity; (2) the

defendant had knowledge of his protected conduct; (3) the defendant took an adverse employment action towards him; and (4) there was a causal connection between the protected activity and the adverse employment action. *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007). The analysis of a retaliation claim under the THRA is the same as that under the ADEA. *Aldrich v. Rural Health Servs. Consortium, Inc.*, 579 F. App'x 335, 337 (6th Cir. 2014); *Newsom v. Textron Aerostructures, A Div. of Avco, Inc.*, 924 S.W.2d 87, 96 n.12 (Tenn. Ct. App. 1995).

Again, Plaintiff has alleged specific facts in support of the prima facie elements of his retaliation claims. First, he twice complained to HR regarding being discriminated against on the basis of age—to Seema Iyer in February 2017 and to Barbara Randell in July 2017. (Doc. 1 ¶¶ 50, 64). Second, HR, Hagler, and Flynn knew of his complaints. (*Id.* ¶¶ 51-51, 56, 65-66, 72, 89). Third, Plaintiff was terminated. (*Id.* ¶ 94). And last, Plaintiff has alleged several facts which would support an inference of a causal connection between his HR complaints and his termination, including that Hagler "made it clear" to Plaintiff that the fact he had complained was a problem for him (*id.* ¶ 76); Hagler talked to Flynn about Plaintiff prior to his termination (*id.* ¶ 87); and Flynn knew about Plaintiff's complaints of age discrimination (*id.* ¶ 89). In addition, Plaintiff alleged that HR failed to investigate his complaints of age discrimination (*id.* ¶¶ 54, 68), and that Hagler had a hostile response to his complaints by giving him a negative performance review, began hardly speaking with Plaintiff, and ceased their weekly meetings (*id.* ¶¶ 58, 74).

Defendant argues these allegations do not give rise to a plausible retaliation claim because Plaintiff does not allege *when* Flynn learned that Plaintiff had complained about age discrimination. Defendant also argues that the complaint is deficient for failing to identify if Flynn knew of Plaintiff's complaints before selecting him for inclusion in a workforce reduction. Defendant notes that in order to support an inference of retaliatory motive based on temporal

9

proximity only, the period of time between the knowledge of the protected activity and the termination must be very short. Again, however, Defendant relies on cases decided on summary judgment.[6] And for the same reasons explained above, Defendant overstates the level of scrutiny with which the Court must review Plaintiff's complaint.

In addition, it is premature for Defendant to infer that Plaintiff will rely on a theory of temporal proximity at this stage in the case. *Skinner*, 562 U.S. at 530 ("a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."); *see also Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004) ("A complaint need not anticipate every defense and accordingly need not plead every response to a potential defense"); *Swartz v. DiCarlo*, No. 1:12CV3112, 2013 WL 3816734, at *7 (N.D. Ohio July 19, 2013) ("Rule 12(b)(6) does not require detailed factual allegations. A party is only obligated to provide greater detail than simple labels, conclusions, or recitations of the elements needed for a cause of action.").

## IV. <u>CONCLUSION</u>

Finding no merit to either of Defendant's arguments, the Court will **DENY** Defendant's motion to dismiss (Doc. 12.)

---

[6] *E.g.*, *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001) (summary judgment); *Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999) (summary judgment); *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 519 (6th Cir. 2008) (summary judgment); *Reynolds v. Fed. Exp. Corp.*, 544 F. App'x 611, 614 (6th Cir. 2013) (summary judgment).

**An order shall enter.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**